**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| DALE S. BROWN,<br><br>                        **Plaintiff,**<br><br>v.<br><br>CON-WAY FREIGHT, INC.,<br><br>                       **Defendant.** | **Civil Action No.** |

## COMPLAINT

Plaintiff, Dale S. Brown ("Brown"), by the undersigned attorneys, makes the following averments:

1. This civil action is brought pursuant to the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301 - 4335 ("USERRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 38 U.S.C. § 4323(b).

3. Venue is proper in this judicial district under 38 U.S.C. § 4323(c)(2) because defendant Con-Way Freight, Incorporated ("Con-Way") maintains a place of business within this judicial district. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the events giving rise to this lawsuit occurred in this judicial district.

## THE PARTIES

4. Dale S. Brown is a citizen of the State of Illinois, and was a member of the United States Naval Reserve from October 1999 until his honorable discharge in January 2009.

5.  Con-Way is a freight transportation and logistics services company headquartered in Ann
    Arbor, Michigan. Con-Way is one of the three primary companies through which Con-
    Way, Inc. delivers its services throughout the country. Con-Way, Inc. has approximately
    28,500 employees.

6.  Con-Way is an "employer" within the meaning of 38 U.S.C. § 4303(4)(A), and is subject
    to suit under USERRA under 38 U.S.C. § 4323(a).

### FACTUAL ALLEGATIONS

7.  Brown began working for Con-Way on November 9, 1987, as a Driver Sales
    Representative ("DSR") at the Des Plaines, Illinois, facility. As a DSR, Brown's primary
    job duties involved driving a truck and loading and unloading freight.

8.  Brown transferred to Con-Way's Rock Island, Illinois, facility as a DSR in May 2004,
    which became his seniority date for shift bidding purposes. He was deployed to Iraq in
    January 2006.

9.  While in Iraq, Brown suffered a serious shoulder injury in a truck accident during a night
    mission. In January 2009, he was honorably separated to the temporary disability
    retirement list.

10. Brown timely sought reemployment upon his discharge from military duty and informed
    Con-Way that he would not be able to perform the DSR position because of his disability,
    which he believed was permanent.

11. Con-Way reemployed Brown in a lower paying job as a Customer Service Representative
    ("CSR"), which it determined was the nearest approximation in terms of seniority, status
    and pay to his former position as a DSR. Brown accepted the position and returned to
    work on February 9, 2009. Brown retained his 1987 seniority date for pension, vacation

2

accrual and other benefits; however, his shift bidding seniority date was changed from
May 2004 (his DSR date) to February 2009 (the date he commenced work as a CSR).

12. In July 2012, after additional treatment, Brown received a medical release that allowed
him to return to work without limitation. At that time, Brown verbally notified Con-
Way's Human Resources department of the change in his medical condition and sought
reemployment as a DSR. He was told that he had to notify the company in writing.

13. On October 3, 2012, Brown submitted written notification to Con-Way's President and
CEO that he had recovered from his service-connected physical disability and was now
able to perform the job functions of a DSR. Brown formally requested reinstatement to
the DSR position and restoration of May 2004 as his shift bidding seniority date.

14. Con-way refused to reemploy Brown in his pre-service position and, instead, told Brown
he had to apply for an open position just as any other individual interested in becoming a
DSR would have to do. Con-Way posted several openings in the following months and
on March 18, 2013, Brown was eventually hired as a DSR.

15. Upon Brown's return to the DSR position, Con-Way treated him as a new hire for
purposes of shift bidding and assigned him a March 18, 2013, seniority date.

16. Upon information and belief, the March 18, 2013, seniority date effectively translates
into a 40% salary reduction for Brown even though Con-Way hired him at $24.67 per
hour, which is the highest rate of pay for that position. In addition, with a March 2013
seniority date, Brown does not have a regular work schedule and must call in each day to
see if and how long he will work that day. Brown also does not have enough seniority to
bid on the long haul jobs, which allow DSRs to bill for mileage and gas.

3

## CLAIM FOR RELIEF

17. Con-Way has violated USERRA Sections 4313 and 4316 by (i) failing to promptly reemploy Brown in the position he would have held but for his military service as a DSR (his "escalator" position) once he fully recovered from a service-connected medical disability; and (ii) failing to properly reemploy Brown with the appropriate seniority he would have held had he remained continuously employed as a DSR and not suffered a service-connected medical disability that required temporary accommodation.

18. Brown has suffered a substantial loss of earnings and seniority-based benefits as a result of Con-Way's violations of USERRA, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that the Court enter judgment against Con-Way, its officers, agents, employees, successors, and all persons in active concert or participation with it, as follows:

A.  Declare that Con-Way's failure to reassign Brown to his escalator position with the appropriate seniority date once his service-connected physical disability was resolved, is a violation of USERRA;

B.  Order Con-Way to comply fully with the provisions of USERRA by restoring Brown's May 2004 shift bidding seniority date, which is the seniority date he would have attained had he remained employed continuously with Con-Way and not required a temporary accommodation for his injuries;

C.  Order Con-Way to comply fully with the provisions of USERRA by paying Brown all amounts due to him for loss of wages and seniority benefits caused by Con-Way's violations of USERRA;

D.  Award Brown prejudgment interest on the amount of lost compensation found due;

E.  Enjoin Con-Way from taking any action with respect to Brown that fails to comply with the provisions of USERRA; and

F.  Grant such other and further relief as may be just and proper together with the costs and disbursements of this lawsuit.

Date: March 24, 2014

Respectfully submitted,

JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division

PAMELA KARLAN
Deputy Assistant Attorney General
Civil Rights Division

DELORA L. KENNEBREW
(GA Bar No. 414320)
Chief

TONI MICHELLE JACKSON
(DC Bar No. 453765)
Senior Trial Attorney
ESTHER G. TAMBURO-LANDER
(DC Bar No. 461316)
Principal Deputy Chief
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
PHB 4518
Washington, D.C. 20530
Telephone: (202) 305-3194
Facsimile: (202) 514-0655
Email: Toni.Jackson@usdoj.gov

**ATTORNEYS FOR THE UNITED STATES**