**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **DALE S. BROWN,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**CON-WAY FREIGHT, INC.,**<br><br>      **Defendant**. | **Civil Action No. 1:14-cv-02055** |

**DEFENDANT CON-WAY FREIGHT INC.'S MOTION FOR LEAVE TO AMEND ITS
ANSWER AND MEMORANDUM IN SUPPORT**

**I.** **Introduction**

Pursuant to Fed. R. Civ. P. ("Rule") 15(a)(2), Defendant Con-way Freight Inc. ("Con-way" or "Defendant") moves for leave to amend its Amended Answer to remove several affirmative defenses and passages that have no relevance to Plaintiff's stated reemployment claims under Sections 4313 and 4316(a) of the Uniformed Services Employment and Reemployment Rights Act ("USERRA" or the "Act"), 38 U.S.C. § 4301, *et seq.*[1/] Such an amendment will conform the Answer to the Complaint, narrow the issues to be litigated, and prevent Plaintiff from relying on those assertions and defenses to obtain discovery with respect to an unasserted claim of discrimination. As shown by the following facts and legal arguments, Con-way is entitled to leave to amend its Amended Answer and respectfully requests that the

---

[1/] Rule 15(a)(2) does not provide any deadlines for seeking leave to amend a pleading. Additionally, the Court's Order, Docket Document ("Doc.") No. 19, following the Initial Status Hearing, did not include a deadline for amendments, nor is Con-way aware of any deadline for amendments set by Local Rule or Standing Order. As a result, the requirement of Rule 16(b)(4) to show "good cause" for modifying the deadlines in a scheduling order is not implicated here.

Court enter an order granting same. The proposed Second Amended Answer is attached hereto as Exhibit B; a "redline" version showing the amendments made is attached hereto as Exhibit C.

## II. Differences in Reemployment and Anti-Discrimination Claims Under USERRA

Since Con-way seeks to remove assertions and defenses from its Amended Answer that it now believes are not relevant to a reemployment claim, but instead relate to an unasserted claim of discrimination, a review of the differences between the reemployment and anti-discrimination provisions of USERRA is appropriate.

In order to state a reemployment claim under Section 4313 of USERRA "veterans need only show that they meet the reemployment provisions' four prerequisites: proper notice to his employer in advance of his departure, a service period of less than five years, a timely request for reemployment accompanied by proper documentation, and a separation from military service under 'honorable conditions.'" *Petty v. Metro. Gov't of Nashville & Davidson County*, 687 F.3d 710, 716-717 (6th Cir. 2012); *see also Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 304-305 (4th Cir. 2006). If a veteran satisfies these prerequisites, the reemployment provisions prohibit an employer from limiting or delaying the veteran's reemployment rights in any way. *Id*. Thus, the reemployment rights under USERRA only apply at the instant of reemployment and are to be enforced without regard to an employer's intent. *Francis*, 452 F.3d at 304-305.[2/]

---

[2/] If a veteran satisfies the prerequisites identified above, an employer can avoid liability for failing to reemploy the veteran <u>only</u> by proving any of three statutorily defined defenses, *i.e.*, (1) changed circumstances making reemployment impossible or unreasonable, (2) undue hardship in reemploying the veteran because he or she is not qualified for reemployment due to disability or other reason, or (3) the employment position that the veteran left to serve in the military was for a brief, non-recurrent period and there is no reasonable expectation that such employment will continue indefinitely or for a significant period. 38 U.S.C. § 4312(d)(1)(A)-(C).

Similarly, USERRA Section 4316(a) states that "[a] person who is reemployed under this chapter is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed services, plus the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed." As the Fifth Circuit has recognized, Section 4316(a) "states the basic escalator principle as it applies to seniority and seniority-based rights and benefits." *Rogers v. City of San Antonio*, 392 F.3d 758, 763-764 (5th Cir. 2004). While the case law regarding Section 4316(a) is sparse, what little does exist is consistent with the conclusion reached in *Rogers*. *See, e.g., DeLee v. City of Plymouth, Ind.*, \_\_\_\_\_ F.3d _____, No. 14-1970, 2014 WL 6900912, at *2-3 (7th Cir. Dec. 9, 2014) (Section 4316(a) affords returning service members all the seniority and seniority-based rights that they would have attained had they remained continuously employed); *Ko v. City of La Habra*, 534 F. App'x 615 (9th Cir. 2013) ("[U]nder the USERRA, a service member who is re-employed upon returning from active duty is entitled to the 'rights and benefits that such person would have attained if the person had remained continuously employed.'"); *Serricchio v. Wachovia Sec., LLC*, 556 F. Supp. 2d 99, 106 (D. Conn. 2008), *aff'd*, 658 F.3d 169 (2d Cir. 2011) (same). Simply put, Section 4316(a) provides that a service member is entitled to the seniority they held when their military service began <u>plus</u> any seniority they would have accrued had they remained employed, and they are entitled to that benefit at the moment of reemployment.

As for the rights and protections afforded a veteran <u>after</u> they have been reemployed pursuant to USERRA, Section 4311 protects them against discrimination, including any adverse actions motivated in whole or in part by their military service. *Petty*, 687 F.3d at 716; *Francis*, 452 F.3d at 304-305. To state a claim of discrimination under Section 4311, the statutory

language requires a plaintiff to show that his or her military service was a "motivating factor" for an employer's adverse action. *See* 38 U.S.C. § 4311(c). If such a showing is made, the statutory language requires the employer to prove that it would have taken the same action in the absence of such military service. *Id*. Thus, "a plaintiff seeking relief under the *discrimination* provision [of USERRA] must show that his employer discriminated against him on account of his military service, but a plaintiff seeking relief under the *reemployment* provision [of USERRA] does not." *Petty*, 687 F.3d at 716 (emphasis as in original).

### III.  Facts Relevant to Defendant's Request for Leave to Amend

Plaintiff filed his Complaint on March 24, 2014, alleging that Con-way violated Sections 4313 and 4316 of USERRA by "failing to promptly reemploy [him] in the position he would have held but for his military service as a D[river] S[ales] R[epresentative] once he fully recovered from a service-connected medical disability" and by "failing to properly reemploy [him] with the appropriate seniority he would have held had he remained continuously employed as a DSR and not suffered a service-connected medical disability that required temporary accommodation." *See* Compl., Doc. No. 1 at ¶ 17. Plaintiff's Complaint contains no allegation that Con-way discriminated against him in any manner in violation of USERRA Section 4311. *See*, *generally*, Compl., Doc. No. 1.

Con-way timely answered Plaintiff's Complaint on April 14, 2014. *See* Answer, Doc. No. 11. On April 18, 2014, well within the 21 day time limit set by Rule 15(a)(1)(A) for amending a pleading once as a matter of course, Con-way amended its Answer to delete a defense relating to recovery of attorneys' fees and costs. Declaration of Frank B. Shuster ("Shuster Decl.") at ¶ 3, attached hereto as Exhibit A. Con-way did so because of Plaintiff's objection that USERRA does not permit such recoveries. *Id.*

As discovery progressed, and disputes arose regarding the scope of discovery being pursued by Plaintiff, counsel for Con-way became more familiar with the law applicable to Plaintiff's claims and came to the conclusion that the discovery being pursued by Plaintiff had no conceivable relevance to his reemployment claims under USERRA Sections 4313 and 4316. *See* Shuster Decl. at ¶¶ 4-7. During the course of trying to resolve those disputes, which are described in much greater detail in Con-way's contemporaneously filed Motion for a Protective Order, counsel for Plaintiff repeatedly asserted that Plaintiff was entitled to discovery on the parties' "claims and defenses." *Id.* at ¶ 6. As a result of these repeated assertions, counsel for Con-way reviewed its Amended Answer, which had been prepared months earlier, and discovered several defenses and passages that had no relationship to the elements of Plaintiff's reemployment claims, but which did relate to an unasserted claim of discrimination. *Id.* at ¶ 7. As a result, on January 6, 2015, counsel for Con-way solicited Plaintiff's consent for Con-way to amend its Answer to remove any defenses and passages that could be construed as relating to an unasserted claim of discrimination. *Id.* Counsel for Plaintiff refused, without further explanation, to consent to such an amendment. *Id.*

IV. **Argument and Citation of Authority**

As a result of Plaintiff's refusal to consent to the amendment, Con-way seeks leave to amend its Amended Answer to remove several affirmative defenses and passages that have no relevance to Plaintiff's reemployment claims, and which only have relevance to an unasserted claim of discrimination under USERRA. Con-way believes that such amendments will be in the interests of justice as they will conform the Answer to the Complaint, narrow the issues to be litigated, and prevent Plaintiff from using such irrelevant assertions to justify overly broad and unduly burdensome discovery which cannot possibly result in admissible evidence with respect

to the only claim at issue in this case, *i.e.*, whether Con-way violated Plaintiff's reemployment rights under USERRA.

> A. **Con-way Should be Permitted Leave to Amend its Answer to Remove Certain Defenses and Language Irrelevant to Plaintiff's Claim**

Pursuant to Rule 15(a)(2), a "court should freely give leave [to amend] when justice so requires." The United States Supreme Court has expressed a strong preference for allowing amendment of pleadings, stating that

> Rule 15(a) declares that leave to amend "shall be freely given when justice so requires"; this mandate is to be heeded. . . . In the absence of any apparent or declared reason – such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 181, 83 S. Ct. 227 (1962) (internal citations omitted); *see also*, *Tragarz v. Keene Corp.*, 980 F.2d 411, 431-432 (7th Cir. 1992) (adopting and refining *Foman* factors). This liberal policy with respect to amendment has been followed by the United States Court of Appeals for the Seventh Circuit and its District Courts. *See*, *e.g.*, *Jackson v. Rockford Housing Authority*, 213 F.3d 389, 393 (7th Cir. 2000) ("The general rule [is] that amendment [of an answer] is allowed absent undue surprise or prejudice to the plaintiff."); *Stern v. U. S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977) (quoting Fed. R. Civ. P. 15(a) and stating that the Seventh Circuit "has adopted a liberal policy respecting amendments to pleadings so that cases may be decided on the merits and not on the basis of technicalities"); *Clark v. Underwriters Mgmt. Corp.*, No. 98 C 4084, 2003 WL 21148420, *8 (N.D. Ill. May 16, 2003) (liberal policy with respect to amendments to pleadings).

### B. None of the Factors for Denying Leave to Amend are Present Here

In this case, none of the factors identified in *Foman*, *Tragarz*, or *Jackson* for denying a proposed amendment are present.

#### 1. Undue Delay

Con-way has not unduly delayed in seeking this amendment. There is no scheduled deadline for amendments to the pleadings, the discovery period does not close until February 13, 2015, the parties have not yet taken depositions, and a trial date has not been set. Moreover, over the course of several months, Con-way made significant efforts to resolve the underlying discovery disputes giving rise to this motion, *i.e.*, Plaintiff's pursuit of discovery on an unasserted claim of discrimination. Under such circumstances, it cannot be said that Con-way has unduly delayed in seeking amendment of its Amended Answer to remove defenses and assertions which are irrelevant to Plaintiff's claim.

#### 2. Bad Faith

Con-way's Motion is a good faith effort to narrow and clarify the issues and discovery necessary in this case. It is certainly not made in bad faith. In fact, and as noted above, Con-way has been trying to resolve the discovery disputes giving rise to this motion for several months, and only filed the motion after those efforts failed. The motion's purpose is to conform the Answer to the Complaint, narrow the issues to be litigated, and ensure that irrelevant assertions are not relied upon to justify improper discovery on an unasserted claim of discrimination. As such, Con-way submits that it has not acted in bad faith in seeking to amend its Amended Answer.

#### 3. Dilatory Motive

Similar to the factor of "undue delay," Con-way does not have a dilatory motive in seeking amendment of its Amended Answer. As demonstrated by the significant amount of

discussion between Con-way's counsel and Plaintiff's counsel with regard to the underlying discovery dispute, which resulted in an impasse only in the last two weeks, it cannot be said that Con-way intended to cause delay. For example, had the parties been able to reach agreement regarding the appropriate scope of discovery during their discussions, the need for the instant Motion (and the contemporaneously-filed Motion for Protective Order) would have been obviated. For Con-way, narrowing the issues for discovery and adjudication through amendment of its Answer, will clearly lead to less onerous discovery; thus, there is no incentive for Con-way to delay seeking an amendment to its Amended Answer.

### 4. *Failure to Cure by Previous Amendments*

As noted above, Con-way amended its initial Answer to Plaintiff's Complaint shortly after it was filed in order to remove a defense that was not cognizable under USERRA. That amendment was made at Plaintiff's insistence, and long before any discovery was served or disputes about its scope had arisen. Once those disputes arose, and Con-way's efforts to resolve them had failed, Con-way sought leave to amend in order to prevent Plaintiff from relying on irrelevant passages in Defendant's Answer to justify discovery he is not permitted to take on an unasserted claim of discrimination. *See*, *e.g.*, *Cohen v. Ill. Inst. of Tech.*, 524 F.2d 818, 827 (7th Cir. 1975) (while plaintiff "is entitled to the fullest opportunity to adduce evidence in support of [his or her] claim . . . [a plaintiff] is not entitled to discovery . . . merely to find out whether or not there may be a factual basis for a claim which [he or she] has not made"); *Rubin v. Islamic Republic of Iran*, 349 F. Supp. 2d 1108, 1111-1112 (N.D. Ill. 2004) ("whether [a] plaintiff's discovery requests are relevant to the subject matter of [the] action is determined by [looking to the substantive law applicable to the plaintiff's claim]."); *American Roller Co., LLC v. Foster-Adams Leasing, LLP*, No. 05 C 3014, 2006 WL 1371441, at *3 (N.D. Ill. May 16, 2006) (same).

Con-way has not previously sought leave to amend to remove these defenses and, in fact, remained hopeful that it could reach an agreement with Plaintiff's counsel regarding the proper scope of discovery on Plaintiff's reemployment claims and, thereby, obviate the need to amend the Amended Answer. Only when those efforts failed did Con-way file this motion.

5. *Undue Prejudice*

As recognized by the United States District Court for the Northern District of Illinois, "[n]early every amendment results in some prejudice. Therefore, the test is whether undue prejudice will result." *Ash v. Theros Int'l Gaming, Inc.*, No. 99 C 5140, 2001 WL 869621, *3 (N.D. Ill. Aug. 1, 2001) (also stating that undue prejudice arises, *inter alia*, "when the additional discovery [associated with the amendment] is expensive and time-consuming") (citations omitted). In this case, Con-way respectfully submits that no prejudice will result to Plaintiff, let alone "undue" prejudice. Plaintiff has asserted a claim for violation of his reemployment rights under USERRA; he has asserted no claim for discrimination in violation of USERRA. As a result, Plaintiff is not entitled to discovery on unasserted claims. *See*, *e.g.*, *Cohen*, *Rubin*, and *American Roller*, cited above. Simply put, Plaintiff cannot show that he will suffer prejudice from Con-way's removal of defenses which are only relevant to a claim <u>which is not even asserted</u> by Plaintiff in his Complaint.

6. *Futility of the Amendment*

The amendment to remove defenses and assertions that are irrelevant to Plaintiff's claims certainly is not futile. In fact, it will serve to narrow and clarify the issues for which both discovery and adjudication are required in this case. Clearly, amendments that narrow issues and reduce the burdens associated with discovery and adjudication are not futile and serve the interests of justice.

## V. Conclusion

Con-way respectfully requests that the Court grant Con-way's Motion for Leave to Amend Its Amended Answer, and allow Con-way to file the Second Amended Answer attached hereto.

Respectfully submitted, this 15th day of January, 2015.

        CONSTANGY, BROOKS & SMITH, LLP

By:   /s/Susan Bassford Wilson
       Susan Bassford Wilson, #6299054
       200 S. Wacker Drive, Suite 3100
       Chicago, Illinois 60606
       T: (314) 338-3740
       F: (314) 727-1978
       swilson@constangy.com

       Frank B. Shuster, *Pro Hac Vice*
       230 Peachtree Street, NW, Suite 2400
       Atlanta, Georgia 30303
       Tel: (404) 525-8622
       Fax: (404) 525-6955
       fshuster@constangy.com

Attorneys for Defendant Con-way Freight Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 15th day of January, 2015, a copy of the foregoing Defendant Con-way Freight Inc.'s Motion for Leave to Amend its Answer and Memorandum in Support was served via operation of the Court's electronic filing system to:

>Jocelyn Samuels
>Pamela Karlan
>Delora L. Kennebrew
>Toni Michelle Jackson
>Esther G. Tamburo-Lander
>United States Department of Justice
>Civil Rights Division
>Employment Litigation Section
>950 Pennsylvania Avenue
>Patrick Henry Bldg. Room 4518
>Washington, D.C. 20530
>Toni.Jackson@usdoj.gov

>Attorneys for Plaintiff

                        /s/Susan Bassford Wilson
                        Attorneys for Defendant