IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DALE S. BROWN,<br><br>       Plaintiff,<br><br>v.<br><br>CON-WAY FREIGHT INC.,<br><br>       Defendant. | C. A. No. 14-02055 (VMK/MV) |

**PLAINTIFF DALE S. BROWN'S RESPONSE
TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER**

  Plaintiff Dale S. Brown ("Mr. Brown") responds to Defendant Con-way Freight Inc.'s ("Con-way") motion for leave to amend its Amended Answer by removing six affirmative defenses and removing portions of paragraphs 14 and 15. Mr. Brown does not object to Con-way's removing affirmative defenses four through nine in its Amended Answer. However, Mr. Brown does object to Con-way's deleting "pursuant to uniformly-applied company policy" from paragraph 14 and "per uniform company policy" from paragraph 15 of its Amended Answer. Con-way's proposed amendments to paragraphs 14 and 15 are made far too late in the discovery process, cause unfair prejudice to Mr. Brown, are futile, and appear to be made in bad faith. Therefore, the Court should deny Con-way's motion to delete these factual statements.

**I.  BACKGROUND**

  **A.  Relevant Factual & Legal Background**

  Mr. Brown was a member of the United States Naval Reserve from October 1999 until his honorable discharge in January 2009. Brown began working for Con-way on November 9, 1987, as a Driver Sales Representative ("DSR") at the Des Plaines, Illinois facility. Con-way is a

freight transportation and logistics services company headquartered in Ann Arbor, Michigan. Con-way is one of the three primary companies through which Con-way, Inc. delivers its services throughout the country. Con-way, Inc. has approximately 28,500 employees. As a DSR, Mr. Brown's primary job duties involved driving a truck and loading/unloading freight. Mr. Brown transferred to Con-way's Rock Island, Illinois facility as a DSR in May 2004. Con-way deemed his seniority date for job bidding purposes, also called a JSP seniority date, as May 2004.

In January 2006, Mr. Brown was deployed by the United States military to serve in Iraq. Mr. Brown's shoulder was seriously injured on a night mission in Iraq, and in January 2009 he was honorably discharged. In January 2009, Mr. Brown timely sought reemployment with Con-way and informed Con-way that he would not be able to perform the DSR position due to his service-related disability, which he believed was permanent. Con-way reemployed Mr. Brown in February 2009 as a customer service representative ("CSR"), which has a lower pay rate than Mr. Brown's prior DSR position. Mr. Brown filed suit alleging that Con-way failed to properly reemploy him under the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), as amended, 38 U.S.C. § 4301, *et seq*. Compl., No. 10-cv-4556 (N.D. Ill., July 22, 2010). The court in that case issued an order granting Con-way's motion for summary judgment in May 2012. Mem. Opinion and Order, No. 10-cv-4556 (N.D. Ill., May 15, 2012).

From February 2009 through July 2012, Mr. Brown worked for Con-way as a CSR. During this period of time, after several years of therapies and surgeries, and much to Mr. Brown's surprise, he recovered from his injuries and received a medical release that allowed him to return to work without limitations on July 26, 2012. At that time he verbally notified Con-way's Human Resource Department that he no longer had medical restrictions and requested

reassignment to a DSR. On October 3, 2012, Mr. Brown submitted written notification to Con-way's President and CEO explaining that he had recovered from his physical disability and was now able to perform the job functions of a DSR. He formally requested reinstatement to his old position and restoration of his May 2004 JSP seniority date. Believing that he needed the 2004 JSP seniority date to return to the DSR position, Mr. Brown contacted the Veterans' Employment Training Service ("VETS") of the U.S. Department of Labor for assistance on October 29, 2012, and asked for help in getting his JSP seniority date restored so that he could return to the DSR position.

Con-way's counsel responded to Mr. Brown's letter approximately two weeks later stating that all issues regarding his reemployment were resolved with finality in his previous lawsuit. Con-way also stated that Mr. Brown was eligible, like any other individual, to apply for any posted DSR positions. Months later, Con-way posted several openings for DSRs, and Mr. Brown applied and eventually was hired as a DSR on March 18, 2013. Con-way treated Mr. Brown like he was a newly hired DSR and assigned him a March 18, 2013 JSP seniority date. According to Mr. Brown, the new JSP seniority date effectively translates into a 40% salary reduction, even though Con-way hired him at $24.67 per hour, which is the highest rate of pay for the position. While Mr. Brown is making the top rate of pay for the DSR position, with a March 2013 JSP seniority date he does not have a regular work schedule and must call in each day to see if and how long he will work that day. The new JSP seniority date means that Mr. Brown could work night shift one week and day shift the following week. Also, Mr. Brown is not able to bid on the long haul jobs, which allow DSRs to bill for mileage and gas. The long haul jobs pay significantly more and typically are won by DSRs with earlier JSP seniority dates. (*See generally* Dkt No. 1, Compl.)

Mr. Brown alleges that Con-way violated Sections 4313 and 4316 of USERRA by failing to promptly reassign him to his proper escalator position of DSR with the appropriate seniority and benefits of employment once his physical disability, which occurred during military service, was resolved. 38 U.S.C. §§ 4313, 4316.

### B. Procedural Posture

Mr. Brown filed the Complaint in this case on March 24, 2014. (Dkt No. 1) Con-way filed its Answer on April 14, 2014. (Dkt No. 11) On April 18, 2014, Con-way filed an Amended Answer removing one of twelve affirmative defenses. (Dkt No. 14)

#### 1. The parties have engaged in significant discovery.

Since beginning discovery, the parties have been actively engaged in propounding and responding to written discovery and preparing for depositions to meet the court-imposed discovery deadline. Mr. Brown served Plaintiff's First Set of Interrogatories and Requests for Documents on July 29, 2014. Con-way served Defendant's First Interrogatories to Plaintiff and Defendant's First Request for Documents to Plaintiff on July 31, 2014. Con-way then served Defendant's Answers and Objections to Plaintiff's Interrogatories, and Defendant's Objections and Responses to Plaintiff's Requests for Documents, on September 4, 2014. Next, Mr. Brown served his Responses and Objections to Defendant's First Set of Interrogatories. Con-way served Defendant's First Set of Document Requests on September 9, 2014. Con-way then served its Second Amended Interrogatory Answers on October 21, 2014. Con-way also served Defendant's First Set of Requests for Admission on November 24, 2014. Con-way then served its Third Amended Answers and Objections to Plaintiff's Interrogatories on December 12, 2014. On December 23, 2014, Mr. Brown served responses to Defendant's First Set of Requests for Admission. During this time, Con-way also provided several supplemental document

4

productions, and Mr. Brown served documents and provided authorizations for Con-way to request records from Mr. Brown's military health care providers.

On December 23, 2014, Mr. Brown served a Notice of Deposition pursuant to Fed. R. Civ. P. 30(b)(6) and a Deposition Notice for five individuals. The depositions were scheduled for January 21-23, 2015. On January 15, 2015, Con-way filed a motion for a protective order to prevent Mr. Brown from taking the noticed depositions, (Dkt No. 33), and this motion for leave to amend its answer.

On or around October 1, 2014, counsel for Con-way initiated discussions regarding the relevance of parts of Mr. Brown's discovery requests that are the subject of the Motion for Protective Order filed contemporaneously with this motion. (Dkt No. 33) However, not until January 6, 2015 did counsel for Con-way request consent to amend its Amended Answer to delete certain affirmative defenses and two factual statements. Contrary to Con-way's assertions, counsel for Mr. Brown did not refuse consent without explanation, but rather, explained that Con-way should not be allowed to remove factual statements indicating that it was following company polices in deciding how to handle Mr. Brown's request for reassignment to the DSR position with appropriate seniority in 2012.

    2.    <u>Con-way is seeking to amend its Amended Answer to remove relevant facts</u>.

Con-way seeks leave to delete two factual statements in its Amended Answer. Con-way would like to amend paragraph 14 of its Amended Answer as follows:

> Answering paragraph 14 of the Complaint, Defendant admits that Plaintiff was asked to complete an application~~, pursuant to uniformly-applied company policy~~. Defendant further admits that in March 2013, Plaintiff was placed in the first available DSR position. Any other allegations or implications of said paragraph are denied.

5

(Dkt No. 35, Def. Mot. to Am. Ans., Exh. C) Con-way also requests leave to amend paragraph 15 of its Amended Answer as follows:

> Answering Paragraph 15 of the Complaint, Defendant admits that Plaintiff's JSP seniority date reflected the date Plaintiff began in a new position~~, per uniform company policy~~. Any other allegations or implications of said paragraph are denied.

(Dkt. No. 35, Def. Mot. to Am. Ans., Exh. C)

## II. LEGAL ANALYSIS

Con-way would like to delete two factual statements it now contends are irrelevant to a reemployment claim under USERRA. Con-way now argues that the factual statements relate only to a discrimination claim under USERRA, which is a claim that Mr. Brown does not assert. (Dkt No. 35, Def. Mot. to Am. Ans., at 2). Con-way also claims that it became familiar with the law related to the claims in the Complaint only during discovery. However, the two factual statements that Con-way seeks to delete are relevant to the claims asserted in the Complaint. In addition, Con-way should not be allowed to amend its Answer for second time especially given the undue delay in requesting such amendment, when the USERRA claims asserted are clear and unambiguous in the Complaint that was filed on March 24, 2014—nearly ten months ago. Allowing Con-way to amend its Answer to delete these factual statements after Mr. Brown has relied on these statements, and served interrogatories, document requests, and deposition notices, unduly prejudices Mr. Brown. Finally, Con-way's proposed amendments to paragraphs 14 and 15 are futile and appear to be made in bad faith because presumably the statements are true, and have been relied on by Mr. Brown in the litigation of this case. Notably, Con-way does not argue that the factual statements it seeks to delete are untrue, only that they are supposedly no longer relevant.

### A. The Factual Statements Con-way Seeks to Delete Are Relevant to Mr. Brown's claims under USERRA §§ 4313 and 4316.

Con-way's argument that the factual statements it seeks to delete have no relevance to Mr. Brown's claims under Sections 4313 and 4316(a) of USERRA are without merit.

While Section 4312 of USERRA requires an employer to reemploy a military service member if certain criteria, which are not at issue here, are met. 38 U.S.C. § 4312. Section 4313 of USERRA prescribes the order of priority for the job placement of the service member, and that Section is what governs this claim. Specifically, the employer must place the service member in the position in which he or she would have been but for his or her military service, or in a position of equal seniority, status, and pay (*i.e.*, the escalator position). 38 U.S.C. § 4313(a)(2). When a service member is medically disabled as a result of military service, and can no longer perform the escalator position with or without accommodation, the employer must place the service member in a position that is equivalent in seniority, status, and pay, the duties of which the service member is qualified to perform or could be qualified to perform with reasonable efforts by the employer, or in a position that is the nearest approximation to such a position in terms of seniority, status, and pay. 38 U.S.C. § 4313(b)(2)(b). Section 4316 requires an employer to provide the service member "the seniority and other rights and benefits determined by seniority" that the service member would have had but for his or her military service. 38 U.S.C. § 4316(a).

The Complaint alleges that,

> Con-way has violated Sections 4313 and 4316 by (i) failing to promptly reemploy Brown in the position he would have held but for his military service as a DSR (his "escalator" position) once he fully recovered from a service-connected medical disability; and (ii) failing to properly reemploy Brown with the appropriate seniority he would have held had he remained continuously employed as a DSR and not suffered a service-connected medical disability that required temporary accommodation.

7

(Dkt No. 1, ¶17). In support of these claims, Mr. Brown asserts that,

> Con-way refused to reemploy Brown in his pre-service position and, instead, told Brown he had to apply for an open position just as any other individual interested in becoming a DSR would have to do. Con-way posted several openings in the following months and on March 19, 2013, Brown was eventually hired as a DSR.

(*Id*. ¶14) In its Answer and Amended Answer, Con-way responds to Paragraph 14 of the Complaint as follows:

> Answering paragraph 14 of the Complaint, Defendant admits that Plaintiff was asked to complete an application, pursuant to uniformly-applied company policy. Defendant further admits that in March 2013, Plaintiff was placed in the first available DSR position. Any other allegations or implications of said paragraph are denied.

(Dkt Nos. 11 ¶14 & 14 ¶14) Mr. Brown also made the following factual allegation in the Complaint: "Upon Brown's return to the DSR position, Con-way treated him as a new hire for purposes of shift bidding and assigned him a March 18, 2013, seniority date." (Dkt No. 1, ¶15) In response, in its Answer and Amended Answer Con-way asserts,

> Answering Paragraph 15 of the Complaint, Defendant admits that Plaintiff's JSP seniority date reflected the date Plaintiff began in a new position, per uniform company policy. Any other allegations or implications of said paragraph are denied.

(Dkt Nos. 11 ¶14 & 14 ¶14)

Mr. Brown's factual allegations regarding his USERRA Section 4313 and 4316 claims, and Con-way's responses to those allegations, make what Con-way did or did not do—including whether it had a company policy, whether it followed that company policy, who was engaged in the decision, what options were discussed, and what Con-way's practice has been in relation to other employees—vitally important to the claims asserted by Mr. Brown. The requested discovery is particularly important because, after Mr. Brown recovered from his service-related injury and requested to be reinstated to the DSR position with appropriate seniority and benefits,

8

Con-way told Mr. Brown that he would have to apply for a vacant DSR position. To be sure, Con-way's policies and procedures are relevant and within the proper scope of discovery in this case.

### B. Con-way's Unreasonable Delay in Making these Amendments Prejudices Mr. Brown.

Allowing Con-way to amend its Amended Answer at this late stage in discovery will prejudice Mr. Brown. Con-way argues that it seeks leave to amend because it "*now* believes" the assertions are irrelevant to Mr. Brown's USERRA Section 4313 and 4316 reemployment and benefits claims. (Dkt No. 53, P Mot. for Leave to Am. Ans., at 2) However, Mr. Brown filed the Complaint on March 24, 2014, in which he unambiguously asserted that "Con-way has violated [USERRA] Sections 4313 and 4316." (Dkt No. 1, ¶17) Con-way admits that nowhere in the Complaint is there mention of a claim pursuant to USERRA Section 4311, which prohibits employers from discriminating against service members. 38. U.S.C. § 4311; (Dkt No. 35, Def. Mot. to Am. Ans., at 4) Con-way argues that only after six months of discovery, where interrogatories and requests for documents were propounded by Mr. Brown, where Con-way responded to these interrogatories and requests for documents, and where Mr. Brown served deposition notices, did "counsel for Con-way become more familiar with the law applicable to Plaintiff's claims" and determine that the factual statements it seeks to delete in paragraphs 14 and 15 are irrelevant to Mr. Brown's USERRA Section 4313 and 4316 claims. (Dkt No. 35, Def. Mot. to Am. Ans., at 4) Con-way's argument is incredulous. And even if Con-way just recently became more familiar with USERRA, Con-way's attempt to address its failure to understand the law cannot result in prejudice to Mr. Brown.

Since the Complaint was filed, Con-way has been represented by counsel from a law firm specializing in labor and employment law. A search for "USERRA" on the firm's website shows

9

that five attorneys, including one working on this case, have experience with USERRA cases, and the firm has published several bulletins on USERRA. (*See* http://www.constangy.com/search.html, as of 2/4/2015) With such sophisticated legal representation it is difficult to believe that Con-way is just now understanding what USERRA violations Mr. Brown pled. Moreover, Con-way admits that it has already once amended its Answer to remove an affirmative defense that Mr. Brown's counsel explained is not applicable under USERRA. (Dkt No. 35, Def. Mot. to Am. Ans., at 4) When it filed its Answer, and especially when it filed its Amended Answer, Con-way had a duty to ensure it understood the law at issue in this case and that it was making the appropriate arguments and statements to the Court.

Allowing Con-way to amend its Amended Answer after Mr. Brown reasonably relied on the factual statements Con-way made in crafting interrogatories, requests for admissions, and deposition notices, unduly prejudices Mr. Brown. The Federal Rules of Civil Procedure limit the number of interrogatories a party may serve and depositions a party may take. Fed. R. Civ. P. 30 & 33. Moreover, discovery will close soon. When Con-way filed this motion, discovery was due to end February 13, 2015, but is now extended to 45 days from the Court's ruling on this motion, due to the Court's granting of a joint motion for extension that was precipitated by Con-way's Motion for a Protective Order (Dkt No. 33). Counsel for Mr. Brown has expended time and resources on the discovery that has taken place in this case. Allowing Con-way to amend its Amended Answer after undue delay rewards Con-way for questionable tactics and prejudices Mr. Brown.

## C. Con-way's Proposed Amendments Are Futile and Done in Bad Faith.

Notably, nowhere in its motion does Con-way argue that it seeks to delete the factual statements from paragraphs 14 and 15 of its Amended Answer because the statements are untrue. In addition, Con-way argues that its motion is based on a good faith attempt to narrow the issues in this case and that its actions are not in bad faith because Con-way's counsel attempted to resolve this dispute for months prior to filing this motion. (Dkt No. 35, Def. Mot. to Am. Ans., at 7) This is simply not true. While the parties have been engaged in discovery disputes in this case, Con-way first raised its request to amend its Amended Answer by removing six affirmative defenses and deleting facts in January 2015, two weeks before noticed depositions were to occur.

The statements Con-way seeks to delete are true. In responding to Plaintiff's First Set of Interrogatories, Con-way admitted that it took the actions described in paragraphs 14 and 15 of its Amended Answer pursuant to Con-way policies. Plaintiff's Interrogatory No. 2 requests that Con-way "[i]identify the policies, procedures, and practices relied upon and/or referenced by Defendant to determine whether to reassign Brown to his former DSR position in October 2012 or any date thereafter." Exh. A, at 7. Con-way responded that it relied upon company policies in placing Mr. Brown:

> Defendant relied upon and/or referenced its Employee Assignment Policy, Employee Transfer Policy, Employee Rehire Policy and Military Duty Leave Policy in responding to Brown's request to be placed in a DSR position. Consistent with the Employee Assignment Policy, Employee Transfer Policy and Employee Rehire Policy, it is Con-way's practice to assign a new seniority date for job bidding and paid time off ("PTO") purposes to any employee who changes job classifications within a service center, e.g., from a Customer Service Representative ("CSR") position to a Driver Sales Representative ("DSR") position, etc.

Exh. B, Def. 3d Am. Ans. to Pl. Interrog., at 5. Plaintiff's Interrogatory No. 6 asks Con-way to "[i]dentify and describe all of Defendant's policies, procedures, and practices regarding or

related to voluntary employee transfers." Exh. A, at 8. Con-way responded, citing company policies:

> Subject to and without waiving said objections, consistent with its Employee Assignment Policy, Employee Rehire Policy and Employee Transfer Policy, it is Conway's practice to assign a new seniority date for job bidding and paid time off ("PTO") purposes to any employee who changes job classifications within a service center, e.g., from a Customer Service Representative ("CSR") position to a Driver Sales Representative ("DSR") position, etc. Pursuant to Federal Rule of Civil Procedure 33(d) see also Defendant's answers and objections to Interrogatory No.5.

Exh. B, Def. 3d Am. Ans. to Pl. Interrog., at 7. Plaintiff's Interrogatory No. 8 asks Con-way to "[i]dentify and describe all of the times that Plaintiff's JSP seniority date was changed by Defendant. Please include the name, title, current or last known address, telephone number, and email address, of all persons involved in the decision(s)," for the time period January 2009 to the present (as defined by the Interrogatory Instructions). Exh. A, at 8. Con-way responded that it changed Mr. Brown's JSP seniority date pursuant to company policies and procedures:

> . . . Plaintiff's JSP seniority date (or service rank) changed pursuant to Con-way Policy 261 - Employee Transfers when Plaintiff transferred between service centers in 1993, 1995 and 2004 . . . With respect to the change in Plaintiff's service rank in February 2009 upon his return from military service and reemployment in the CSR position created for him (when he transferred positions from DSR), Jeff Kerbo assigned Plaintiff a new JSP service rank for job bidding and PTO purposes, which assignment was consistent with Defendant's policies and procedures. As for the change in Plaintiffs JSP service rank on March 18, 2013 when Plaintiff transferred positions from CSR to DSR, see Interrogatory No.1.

Exh. B, Def. 3d Am. Ans. to Pl. Interrog., at 7-8. Thus, the factual statements Con-way seeks to delete in paragraphs 14 and 15 of its Amended Answer are factually true. As such, the proposed amendments are futile.

The reason Con-way wants to delete the factual statements is to relieve itself of responding to Mr. Brown's discovery. (Dkt No. 35, Def. Mot. to Am. Ans., at 5-6) This is an impermissible motive, and should not be allowed.

Based on Con-way's interrogatory responses showing that the factual statements Con-way seeks to delete are true and Con-way's Amended Answer (with or without the factual statements in paragraphs 14 and 15), Mr. Brown is entitled to discovery related to what Con-way did or did not do, including its policies and procedures, practices with Mr. Brown and other employees, and Mr. Brown's damages, when Mr. Brown recovered from his military service-induced disability and requested reassignment as a DSR with appropriate seniority. Con-way's proposed amendments are therefore futile; they do not "narrow the scope of issues to be litigated" as Con-way argues. (Dkt No. 35, Def. Mot. to Am. Ans., at 5-6)

Con-way's attempting to delete factual statements that are true and raising the issue of amending its Amended Answer this late in discovery demonstrate that Con-way is not acting in good faith.

### III. CONCLUSION

For the reasons explained above, Mr. Brown respectfully requests that the Court DENY Con-way's motion for leave to amend its answer.

Dated: February 6, 2015          Respectfully submitted,

U.S. DEPARTMENT OF JUSTICE

/s/ Patricia L. Stasco
KAREN D. WOODARD
(MD Bar No. Not Issued)
Acting Principal Deputy Chief
TONI MICHELLE JACKSON
(DC Bar No. 453765)

13

PATRICIA L. STASCO
(DC Bar No. 49004)
Senior Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
PHB 4711
Washington, D.C. 20530
Telephone: 202.353.2297
Facsimile: 202.514.1105
Email: patricia.stasco@usdoj.gov

Attorneys for Plaintiff Dale S. Brown

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 6, 2015, the foregoing **PLAINTIFF DALE S. BROWN'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER** was served on counsel for all parties in this case registered through the district court's ECF system.

                                            <u>/s/ Patricia L. Stasco</u>
                                            PATRICIA L. STASCO
                                            Senior Trial Attorney