IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DALE S. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CON-WAY FREIGHT, INC.,<br><br>Defendant. | Civil Action No. 1:14-cv-02055 |

**DEFENDANT CON-WAY FREIGHT INC.'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO AMEND ITS ANSWER AND MEMORANDUM IN SUPPORT**

In Plaintiff's Response to Defendant's Motion for Leave to Amend its Answer ("Plaintiff's Response" or "Pl. Resp."), Plaintiff Dale S. Brown ("Plaintiff" or "Brown") asks the Court to deny Defendant Con-way Freight Inc.'s ("Con-way" or "Defendant") request to delete two statements of fact from its Amended Answer because the request was "made far too late in the discovery process, [it would] cause unfair prejudice to Mr. Brown, [it is] futile [and would] appear to be made in bad faith." Pl.'s Resp. p. 1. Plaintiff, however, fails to cite a single case supporting any of these conclusory assertions and, as shown herein, they are contrary to the Federal Rules of Civil Procedure and the case law construing them.

What Plaintiff truly seeks by opposing the requested amendment is to prevent Con-way from deleting two statements of fact from its Amended Answer so that he can rely on them to justify broad and burdensome discovery about matters irrelevant to establishing the claims he has asserted under Sections 4313 and 4316 of the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301, *et seq.* ("USERRA"). Thus, and as explained in greater detail in the Memoranda submitted by Con-way in support of its Motion for a Protective

3217838.1

Order: (1) USERRA Section 4313 sets out the priority of positions into which a service member is to be reemployed; (2) the rights created by Section 4313 are derivative of the rights created by USERRA Section 4312 and both sets of rights exist at the moment of reemployment; (3) subsequent to such reemployment, the wages, hours, working conditions and continued employment of a service member are protected by the anti-discrimination protections of USERRA Section 4311; and, (4) a court of competent jurisdiction has already determined that Con-way properly reemployed Plaintiff pursuant to USERRA Sections 4312 and 4313 when he sought such reemployment in February 2009. Simply put, and contrary to the description of his claims at page 7 of Plaintiff's Response, the reemployment rights created by Sections 4312 and 4313 exist <u>only</u> at the moment of reemployment and create no continuing obligations. Consequently, and but for the two statements of fact that Con-way seeks to delete from its Amended Answer, Plaintiff has no arguable (let alone valid) basis for pursuing the discovery he seeks.

Regardless of Plaintiff's motivations for opposing Defendant's Motion for Leave to Amend ("Defendant's Motion"), Plaintiff fails to make any showing of the delay, prejudice, futility or bad faith required to deny such a motion.

## I. <u>No Evidence of Undue Delay Exists</u>

While Plaintiff claims that Con-way's "unreasonable delay" warrants the denial of Defendant's Motion, the facts of this case simply do not support that allegation. Con-way sought leave to amend less than nine months after filing its original Answer, and it did so well before the close of the initial discovery period or the taking of any depositions. Moreover, Con-way seeks leave to amend in order to ensure that the remaining discovery is limited to matters relevant to determining whether Con-way violated Plaintiff's rights under USERRA Sections

3217838.1

4313 and 4316, versus an unasserted claim of discrimination under USERRA Section 4311, and Plaintiff was given notice of that position four months before the filing of Defendant's Motion. Considering such facts and circumstances, including Con-way's nearly four-month-long effort to resolve the disputes giving rise to its pending motions without court intervention, it is clear that no undue delay occurred. *See, e.g., Fastener Corp. v. Spotnails, Inc.*, 291 F. Supp. 974, 976 (N.D. Ill. 1968) (finding no undue delay with respect to the filing of an amended complaint eight months after the filing of the original complaint); *Davis v. Coler*, 601 F. Supp. 444, 447 (N.D. Ill. 1984), *aff'd sub nom, Watkins v. Blinzinger*, 789 F.2d 474 (7th Cir. 1986) (granting motion for leave to file amended complaint 11 months after filing of original complaint and noting that "delay . . . is not, in itself determinative where there is no evidence of bad faith in that delay"); *Thomas & Betts Corp. v. Panduit Corp.*, No. 93 C 4017, 1999 WL 92894, at *1-2 (N.D. Ill. February 17, 1999) *adhered to*, No. 93 C 4017, 1999 WL 284787 (N.D. Ill. April 26, 1999) (stating that time is not determinative and finding no undue delay in seeking leave to amend answer to add additional affirmative defense five-and-a-half years after complaint was filed).[1]

As the Court in *Thomas & Betts Corp.* recognized, undue delay typically occurs if an motion to amend "would 'transform' or prolong the litigation unnecessarily . . . if judgment is 'imminent' . . . [if it] essentially seeks to start the lawsuit anew . . . [if it] would require additional rounds of discovery after discovery was already terminated . . . [or if it] would prolong or complicate the course of discovery and the movant has provided no explanation as to why the

---

[1] Of particular interest with respect to Defendant's Motion is the fact that the plaintiff's proposed amendment in *Fastener Corp.* was specifically intended to drop a claim that the defendant intended to rely on for purposes of seeking a change in venue. Rather than denying the amendment, the court "welcome[ed] the simplification . . . and elimination of [issues]." *Id.* at 976.

amendment did not take place sooner." *Id.* at *2 (internal citations omitted). Not one of these factors is present here and Plaintiff does not even attempt to claim that they are.

## II. No Evidence of Unfair Prejudice Exists

"An amendment will almost always result in some level of prejudice, so the relevant inquiry is whether undue prejudice will result from amending a complaint." *Sitrick v. FreeHand Sys., Inc.*, No. 02 C 1568, 2004 WL 725306, at *4 (N.D. Ill. Mar. 31, 2004) (internal quotations omitted) (granting motion to amend complaint). "Prejudice is generally found in cases characterized by some or all of the following circumstances: The motion comes on the eve of trial after many months or years of pretrial activity; the amendment would cause undue delay in the final disposition of the case; the amendment brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint; witnesses have become unavailable for examination and the memories of others may have dimmed; and, the amendment would require expensive and time-consuming new discovery." *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385-386 (N.D. Ill. 1975) (internal citations omitted); *see also Advent Electronics, Inc. v. Buckman*, 918 F. Supp. 260, 263 (N.D. Ill. 1996) (granting motion for leave to amend answer, finding no prejudice when amended answer raised no new issues and defendants moved to amend answer nearly three months prior to close of discovery).

Here, none of the above-quoted circumstances exist. Specifically, the amendment is not sought on the eve of trial, nor will it cause undue delay in the final disposition of the matter. The requested amendment does not add any additional claims or require any additional discovery. To the contrary, the requested amendment is intended to narrow the scope of discovery to matters relevant to the statutory violations alleged in the Complaint and limit the number of necessary

3217838.1

depositions (none of which have yet occurred). *See, e.g., Fastener Corp.*, 291 F. Supp. at 976 (granting leave to file amendment to complaint to drop one count and stating "the Court welcomes the simplification of some issues, and the elimination of others"). Finally, Plaintiff has made no showing that the amendment should be denied for reasons related to witnesses having become unavailable or their memories having faded. Simply put, Plaintiff offers <u>nothing</u> to support his conclusory assertion of undue prejudice.[2/]

### III. No Evidence of Futility of Amendment Exists

Plaintiff asserts in passing that the requested amendment would be futile because the "factual statements" sought to be amended are "factually true." Plaintiff cites no authority for that position, which misinterprets futility. "[A]n amendment may be futile when it fails to state a valid theory of liability, or could not withstand a motion to dismiss." *Advent Electronics*, 918 F. Supp. at 264 (denying leave to amend counterclaims to add two new counts when court found both to be futile for failure to state a claim). Here, Con-way is not attempting to add a counter-claim against Plaintiff which he could move to dismiss. Rather, it is narrowing the scope of its pleadings and thus the issues in this case. Much of the discovery Plaintiff seeks is irrelevant to a claim brought under Section 4313 or 4316 of USERRA, and Con-way simply is trying to limit the scope of discovery in this action to the statutory sections it is alleged to have violated. Accordingly, Con-way's requested amendment cannot be and is not futile.

### IV. No Evidence of Bad Faith Exists

Finally, Plaintiff alleges Con-way's request is in bad faith because of its timing and nature. Not only is this assertion, like all the others made by Plaintiff, bereft of any factual or legal support, it also is contrary to existing precedent. *See, e.g., Gorgoni v. Coldwell Banker*

---

[2/] Plaintiff's claim of unfair prejudice also rings hollow in light of his stated intention to serve additional written discovery on Defendant.

5 of 8
1:14-cv-2055
3217838.1

*Home Loans*, No. 11 C 8581, 2013 WL 842809, at *2 (N.D. Ill. Mar. 6, 2013) (granting motion for leave to amend complaint where defendants failed to provide any legal support for contention that the proposed amendment was made in bad faith and would be futile); *Thomas & Betts Corp.*, 1999 WL 92894, at *3 ("Since [plaintiff] makes no showing that this particular tactic was calculated to delay or complicate the litigation, bad faith does not militate against granting the motion.") Contrary to Plaintiff's conclusory assertions, Con-way's motion is a good faith effort to narrow and clarify the issues and discovery necessary in this case and Plaintiff has provided no case law or evidence showing otherwise.

Finally in this regard, but for the filing of Defendant's Motion for Leave to Amend, it seems reasonable to conclude that Plaintiff intended to provide a "gotcha" response to Con-way's Motion for a Protective Order by asserting that his broad and burdensome discovery requests were justified by the two passages that Con-way seeks to delete from its Amended Answer. However, for the better part of four months before the filing of Defendant's Motion for a Protective Order, Plaintiff knew of Con-way's belief that the broad and burdensome discovery he was pursuing was not likely to lead to relevant evidence on the elements of his reemployment claims under USERRA Sections 4313 and 4316, but instead related to an unasserted claim of discrimination under USERRA Section 4311. Considering Plaintiff's inability to identify the particular elements of his claims under Sections 4313 or 4316 as to which the bulk of his discovery is relevant, there should be little doubt that Plaintiff wants to prevent Con-way from deleting these two statements of fact from its Amended Answer so that he can rely on them to

3217838.1

justify the burdensome discovery he seeks. Consequently, for Plaintiff to accuse Con-way of acting in bad faith by seeking this amendment is curious at best and disingenuous at worst.[3/]

## V. Conclusion

Con-way respectfully requests that the Court grant Con-way's Motion for Leave to Amend its Amended Answer, and allow Con-way to file the Second Amended Answer attached to its Motion [Doc. 35].

Respectfully submitted, this 13th day of February, 2015.

          CONSTANGY, BROOKS & SMITH, LLP

By:   /s/Susan Bassford Wilson
       Susan Bassford Wilson, #6299054
       200 S. Wacker Drive, Suite 3100
       Chicago, Illinois 60606
       T: (314) 338-3740
       F: (314) 727-1978
       swilson@constangy.com

       Frank B. Shuster, *Pro Hac Vice*
       230 Peachtree Street, NW, Suite 2400
       Atlanta, Georgia 30303
       Tel: (404) 525-8622
       Fax: (404) 525-6955
       fshuster@constangy.com

Attorneys for Defendant Con-way Freight Inc.

---

[3/]     Apparently, Plaintiff is of the belief that if a defendant makes an irrelevant assertion in its Answer to a Complaint, whether by inadvertence or inducement from irrelevant complaint allegations, the defendant is forever bound to permit discovery on such irrelevant matters and the court is obligated to decide them. Such a notion seemingly turns the law on its head and clearly exalts form over substance.

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 13th day of February, 2015, a copy of the foregoing *Defendant Con-way Freight Inc.'s Reply to Plaintiff's Response to Defendant's Motion for Leave to Amend its Answer and Memorandum in Support* was served via operation of the Court's electronic filing system to:

>Jocelyn Samuels
>Pamela Karlan
>Delora L. Kennebrew
>Toni Michelle Jackson
>Esther G. Tamburo-Lander
>United States Department of Justice
>Civil Rights Division
>Employment Litigation Section
>950 Pennsylvania Avenue
>Patrick Henry Bldg. Room 4518
>Washington, D.C. 20530
>Toni.Jackson@usdoj.gov
>
>Attorneys for Plaintiff

>/s/Susan Bassford Wilson
>Attorneys for Defendant

3217838.1