IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DALE S. BROWN,<br><br>        Plaintiff,<br><br>v.<br><br>CON-WAY FREIGHT, INC.,<br><br>        Defendant. | Civil Action No. 14-2055 (VMK/MV) |

**PLAINTIFF DALE S. BROWN'S OPPOSITION TO DEFENDANT
CON-WAY FREIGHT INC.'S MOTION FOR SANCTION OF DISMISSAL**

**I. INTRODUCTION**

  Defendant Con-way Freight Inc. argues that the Court should dismiss Plaintiff Dale S. Brown's Uniform Services Employment and Reemployment Rights Act ("USERRA") case as a sanction for his alleged failure to timely supplement his document production. Con-way admits, however, that Brown fully supplemented his document production before the discovery deadline and produced all the responsive information in his possession. Nevertheless, Con-way complains that Brown did not produce these responsive documents before his deposition, and argues that Brown's delay was so egregious as to justify the sanction of dismissal. Con-way's argument lacks merit.

  At his deposition, Brown learned that his prior document production may have been incomplete. So Brown did a supplemental search and produced the responsive documents he found. He complied with the supplementation requirement under Federal Rules of Civil Procedure 26(e)(1), and thus sanctions are not warranted under the Federal Rules of Civil Procedure. Con-way has also failed to demonstrate that Brown's conduct rises to the egregious

level required for this Court to use its inherent power to sanction a discovery violation with dismissal. As such, the Court should dismiss Con-way's sanction motion.

## II. FACTUAL BACKGROUND

1. Discovery in this case closed April 24, 2015. Dkt # 42.

2. On August 6, 2014, Brown served upon Con-way initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) (1), and subsequently produced initial disclosure documents.

3. On September 9, 2014, Brown served upon Con-way Plaintiff's Responses and Objections to Defendant's First Set of Interrogatories and Document Requests.

4. On October 21, 2014, Brown served upon Con-way Plaintiff's Supplemental Responses and Objections to Defendant's First Set of Interrogatories and Document Requests, with an attached document entitled "List of Dale Brown's Medical Providers." Also in response to Con-way's discovery requests, Brown produced additional documents containing medical records and documents related to Brown's requests for benefits from the United States Department of Veterans Affairs ("VA") and Navy related to his military-related injury, which is the subject of this case.

5. On October 28, 2014, counsel for Con-way sent counsel for Brown a letter stating, *inter alia*, that Brown's recent document production included documents related to Brown's placement on the Navy's Temporary Disability Retirement List ("TDRL"), a November 2008 finding of the Navy's Physical Evaluation Board ("PEB") placing Brown on the TDRL, and a March 2013 letter from the Navy removing Brown from the TDRL, discharging him from the uniformed service, and paying him severance pay. Counsel for Con-way stated in the letter that Brown had not produced any documents related to these matters from the time period

November 2008 to March 2013. Counsel for Con-way asked Brown to identify the entities from which he sought disability benefits, and stated that Con-way intended to subpoena documents from them. *See* Ex. 2 to Declaration of F. Shuster in Support of Con-way's Motion for Sanction of Dismissal ("Con-way Mot. Ex."), Dkt # 58.

6. On October 30, 2014, Brown provided Con-way with executed releases to obtain documents responsive to Con-way's discovery requests from Brown's medical providers and to request copies of his tax returns.

7. Also on October 30, 2014, counsel for Brown responded to Con-way's correspondence on various matters, including stating that in regard to documents related to Brown's disability or benefits from the VA or Navy, counsel will consult with Brown to ensure he has no additional documents in his possession, and counsel understood Con-way will subpoena the records from the VA and Navy. Con-way Mot. Ex. 3. Brown believed he had already turned over all documents in his possession that were related to Con-way's discovery requests regarding his VA and Navy benefits.

8. Con-way served subpoenas on the VA and other military organizations to obtain documents related to Brown's VA and Navy benefits. *See* Con-way's Memorandum in Support of Its Motion for Sanction of Dismissal ("Con-way Mem."), at 2, Dkt # 58.

9. On December 17, 2014, Brown served upon Con-way Plaintiff's Second Supplemental Responses and Objections to Defendant's First Set of Interrogatories and Discovery Requests. Also in response to Con-way's discovery requests, Brown produced additional documents containing VA records regarding Brown.

10. On March 25, 2015, Brown was deposed by Con-way. Counsel for Con-way asked Brown whether his response to Interrogatory No. 12 asking Brown to identify the

3

computers he has used since 2009 contained in Plaintiff's Second Supplemental Responses and Objections to Defendant's First Set of Interrogatories and Document Requests, was accurate. Brown responded affirmatively. *See* Ex. A, Excerpts of Dep. Tr. of Dale S. Brown, Mar. 25, 2015, at 41-43.

11. Counsel for Con-way then asked Brown if his Alienware gaming computer and his cell phone have email, and Brown responded affirmatively. Ex. A, at 43. After confirming personal email address, counsel for Con-way asked Brown if he has used his personal email to correspond with people regarding his military disability benefits, to which Brown replied that he did not recall if he had or not. Ex. A, at 43-44. Counsel for Con-way then asked Brown whether he had done any searches of his personal email for any material responsive to the documents that Con-way asked Brown to produce. Brown responded in the negative, stating "I have no need to." Counsel for Con-way did not ask any further questions regarding Brown's personal email. Ex. A, at 45-46. Brown then testified that had done internet research regarding VA or Navy benefits. Ex. A, at 46. In response to Counsel for Con-way's question as to whether he had searched his Alienware gaming computer to determine if that information still existed and was responsive to Con-way's discovery requests, Brown stated that he had not. Ex. A, at 46-47.

12. Brown had not reviewed his Yahoo email account for this case because he believed that he had only emails related to his prior lawsuit against Con-way, which were already in the possession of Con-way. Brown had not searched his Alienware gaming computer because he used it only for gaming, to access the internet, and to access his Yahoo email. *See* Ex. A, at 42-43.

13. After his deposition, having a better understanding of Con-way's discovery requests, Brown searched his personal email account and Alienware gaming computer, as well as

4

re-reviewed hard copy documents, expanding his search to include documents that were even only remotely related to Con-way's discovery requests.

14. Counsel for Con-way sent a letter dated April 16, 2015, asking Brown to confirm that he will search his email and computer for documents responsive to Con-way's document requests. Counsel asked for a response by April 21, 2015, due to the discovery cutoff date. Con-way Mot. Ex. 5.

15. Counsel for Brown responded via email on April 20, 2015, stating that Brown had searched his computer and email account, and will be providing a supplemental document production that week. Con-way Mot. Ex. 6.

16. On April 23, 2015, within the discovery period, Brown served a supplemental discovery production upon Con-way.

17. The production consisted of approximately 31 pages of emails. Approximately 14 pages were email communications between Brown, via his Con-way email account, and his personnel supervisor at Con-way, Trish Engle, that had been forwarded to Brown's Yahoo email. Approximately 12 pages were emails relating to Brown's filing of his complaint underlying this case with the Veterans' Employment and Training Service of the U.S. Department of Labor ("VETS").

18. Brown's supplemental production also included a Navy Formal Physical Evaluation Board ("PEB") Hearing decision dated February 13, 2013, finding Brown, who had been a Navy Construction Mechanic, Class Petty Officer (CM2/E-5) was "unfit to continue naval service due to a total disability rating of 20% . . . warranting separation from the naval service with severance pay." Con-way Mot. Ex. 9.

19. Included in Brown's petition to the PEB was a 2011 Functional Capacity Evaluation ("FCE") from Rock Valley. This document had previously been obtained by Con-way using the medical release provided by Brown, and produced by Con-way to Brown as Con-way Def 002609 to Con-way Def 002616. Con-way Mot. Ex. 7.

20. After Brown served the supplemental production on April 23, 2015, Con-way did not contact Brown regarding the discovery.

21. Con-way did not ask Brown if he would agree to extend discovery or to re-open his deposition. Brown would have agreed to both of these requests.

22. Con-way did not file a motion to compel.

23. Con-way admits that Brown "has now produced all the responsive information in his possession." Con-way Mot. at 7.

24. Con-way used two documents contained in Brown's April 2015 supplemental production of documents to support its motion for summary judgment. Con-way Mot. Ex. 8 & 9.

25. Con-way served a supplemental production upon Brown on April 24, 2015, the last day of discovery.

## III. DISCUSSION

### A. Con-way's Failure to Comply with Local Rule 37.2 or the Court's Standing Order Warrants Dismissal of the Motion

Before filing this motion, Con-way failed to comply with the good faith meet-and-confer requirement of Local Rule 37.2 and the Court's Standing Order. For that reason alone, the motion should be dismissed. Local Rule 37.2 notifies parties that "this court *shall hereafter refuse* to hear any and all motions for discovery and production of documents . . . , unless the motion includes a statement" of a good faith meet-and-confer to resolve the differences or counsel's attempts to engage in such a meet-and-confer. LR 37.2 (emphasis added). This

statement must include the date, time, and place of the in-person or telephonic conference, and the parties who participated in it, or a detailing of movant's attempts to reach opposing counsel if unsuccessful. *Id.* This Court's Standing Order on discovery affirms that it "*will not* hear or consider any discovery motion unless the movant has complied with the 'meet and confer' requirement of Local Rule 37.2." (emphasis added). The Standing Order notes that the mere "exchange of correspondence will not normally be sufficient to comply with" the meet-and-confer requirement. *Id.*

Despite being a motion brought under Federal Rule of Civil Procedure 37, Con-way's motion fails to provide the statement required by Local Rule 37.2 and this Court's Standing Order. Con-way could not provide the required statement because it never even attempted to consult with counsel for Brown regarding the contents of this motion. This demonstrates bad faith on the part of Con-way and wastes the time and resources of this Court. Because Con-way failed to comply with Local Rule 37.2 and the Court's Standing Order, this court should dismiss Con-way's motion.

### B. There Is No Basis for Sanctions Under Rule 37(c) Because Brown Met the Requirements of Rule 26(e)

Should the Court turn to the substance of Con-way's motion, it will discover that it is without merit. Con-way argues that Brown violated Rule 37(c)(1) in failing to supplement responses to document requests as required by Rule 26, and therefore, Brown's entire case should be dismissed. *See* Con-way Mot., at 5, 8; Fed. R. Civ. P. 26, 37(c)(1). As Con-way readily admits, however, Brown did supplement his document discovery before the discovery deadline and Brown produced "all the responsive information in his possession." Con-way Mot. at 7. Thus, he complied with the supplementation requirement under Rule 26(e)(1).

Rule 37(c)(1) allows a court to sanction a party for failing to properly supplement its document productions:

> A party that without substantial justification *fails to disclose information required by Rule 26(a) or 26(e)(1)* shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1) (emphasis added). Rule 26(e)(1) requires a party to timely supplement discovery when the party learns that a prior disclosure is incomplete:

> (1) In General. A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response:
> (A) in a timely manner *if the party learns that in some material respect the disclosure or response is incomplete* or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1) (emphasis added). Because Brown complied with Rule 26(e)(1) by supplementing his response when he learned it may be incomplete, sanctions are not appropriate under Rule 37(c)(1).

During Brown's deposition on March 25, 2015, it became apparent that Brown's responses to Con-way's requests for documents were likely incomplete. *See* Ex. A, Brown Tr. at 44-47. Immediately following Brown's deposition, before receiving Con-way's April 16th letter requesting that he search his email and computer, Brown and his counsel conducted further searches for documents responsive to Con-way's discovery requests. With a better understanding of Con-way's discovery requests, Brown searched his personal email account and Alienware

gaming computer, and in an abundance of caution, other documents in his possession, for any documents that might be responsive to any of Con-way's discovery requests. On April 23, 2015, Brown served a supplemental document production upon Con-way containing responsive documents found in that search, within the discovery period set by this Court's order. In doing so, Brown timely supplemented his responses to Con-way's requests for documents, in full compliance with Rule 26(e)(1). *See* Fed. R. Civ. P. 26(e)(1). Because Brown complied with Rule 26(e)(1), there is no basis for sanctions under Rule 37(c)(1), which requires that a party "*fail[]* to disclose information required by Rule 26(a) or 26(e)(1)." Fed. R. Civ. P. 37(c)(1). Thus, this Court should deny Con-way's motion.

      **C.    Con-way's Argument that the Court Should Dismiss Brown's Claims Even If Rule 37(c)(1) Was Not Violated Is Also Without Merit**

Con-way argues that even if Brown did not violate Rule 37(c)(1), the Court should nonetheless use its inherent power to dismiss this case as a sanction for a discovery violation made allegedly in "bad faith." Con-way Mem. at 5. However, Con-way fails to prove that Brown's supplemental production served within the discovery period warrants any sanction, and certainly not the most severe sanction of dismissal of the case.

Federal courts have an inherent power to sanction parties for conduct which abuses the judicial process. *See Barnhill v. United States*, 11 F.3d 1360, 1367 (7th Cir. 1993) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-43 (1991)). In using this inherent power to sanction, the Supreme Court has recommended that trial courts should exercise caution to protect the party's right to due process:

> A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees . . . Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under

the Rules [of Civil Procedure], the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.

*Chambers*, 501 U.S. at 42-43. Regarding the sanction of dismissal, the Seventh Circuit has cautioned that this "draconian" measure should be employed sparingly:

> As with Rule 37(b) dismissals, use of the court's inherent power to dismiss for discovery violations is perceived as a "draconian" measure. *It should be employed sparingly and only when there is a record of delay, contumacious conduct, or when other, less drastic sanctions prove unavailing*. In deciding what measure of sanctions to impose, the district court should consider "the egregiousness of the conduct in question in relation to all aspects of the judicial process."

*Dotson v. Bravo*, 321 F.3d 663, 667 (7th Cir. 2003) (quoting *Chambers*, 501 U.S. at 42-43) (emphasis added). Because of the severity of a dismissal as a sanction, it may be applied only in a limited range of situations. *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003). The Seventh Circuit has held, "we often have noted that the interests of justice are best served by resolving cases on their merits; consequently, '[t]he sanction of dismissal with prejudice must be infrequently resorted to by district courts in attempting to control their dockets and extirpate nuisance suits.'" *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (quoting *Schilling v. Walworth County Park & Planning Com'n*, 805 F.2d 272, 275 (7th Cir. 1986)). For a court to dismiss a case with prejudice for a discovery violation it must make a finding of "willfulness, bad faith or fault" on the part of the dismissed party. *Maynard*, 332 F.3d at 467-68; *see also Norman–Nunnery v. Madison Area Tech. Coll.,* 625 F.3d 422, 428 (7th Cir. 2010); *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d 752, 759 (7th Cir. 2005); *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000); *Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir.) opinion amended on denial of reh'g, 87 F.3d 202 (7th Cir. 1996). The court must also rule out less severe sanctions before turning to dismissal. *Maynard*, 332 F.3d at 467-68; *Long*, 213 F.3d at 986; *Shilling*, 805

F.2d at 275. The moving party must also prove that it was prejudiced by the discovery violation. *See Barnhill,* 11 F.3d at 1370 ("[I]f no meaningful impact upon the course of the litigation has been shown, as is this case here, the drastic sanction of dismissal or judgment should be reserved for conduct that evinces a more intense disregard for the court.") Moreover, the movant most likely must meet a "clear and convincing evidence" standard of proof. *See Maynard*, 332 F.3d at 468; *but see Ridge Chrysler Jeep, LLC v. DaimlerChrysler Fin. Servs. Americas LLC*, 516 F.3d 623, 625-26 (7th Cir. 2008) (calling into question the standard of proof in *Maynard*, but stating "we need not decide today whether the time has come to overrule *Maynard*.") Applying a clear and convincing, or even a preponderance of the evidence standard, Con-way has failed to meet its burden for the Court to dismiss Brown's case.

First, Con-way has not proven that Brown acted willfully or in bad faith in not serving the documents at an earlier point in discovery. When Brown and his counsel became aware during Brown's deposition on March 25, 2015, that Brown had not reviewed emails on his personal email account or gaming computer because he did not believe either contained documents responsive to Con-way's requests, Brown immediately reviewed his emails and Alienware gaming computer to determine if there might be potentially responsive documents he did not know that he possessed. He also searched again for any other documents in his possession that could be responsive to Con-way's requests, including but not limited to, medical records and documents related to any benefits he requested or received from the VA or the Navy. All the documents he found that might arguably be responsive were served on Con-way within a month of the deposition and within the discovery period. While the full document production was delayed by Brown's misunderstanding, Con-way has not shown that Brown or his counsel exhibited a willful disregard of the Federal Rules of Civil Procedure or acted in bad faith.

Con-way's only allegation of bad faith is Con-way's conclusion that Brown's conduct had to be intentional because he testified at his deposition that he had not searched his personal email for responsive documents or his gaming computer for documents related to his VA or Navy benefits. *See* Con-way Mem. at 6; Ex. A, Brown Tr. at 44-47. When asked during his deposition whether he had searched his personal email for responsive documents, Brown responded in the negative, stating "I had no need to." Ex. A, Brown Tr. at 45. Counsel for Con-way did not seek further explanation from Brown. *Id.* At the time of his deposition, Brown believed he did not have responsive emails in his personal email account. Nor did he believe he had any information responsive to Con-way's document requests on his Alienware gaming system, and therefore testified, "I have never looked into that." Ex. A, Brown Tr. at 47. Brown's actions were not intentional, but rather oversights. As soon as Brown learned that his responses to Con-way's requests for documents may be incomplete in regard to his personal email and gaming computer, he worked to rectify that potential deficiency, as well as ensure there were no other deficiencies in his responses to Con-way's discovery requests. Immediately following his deposition, Brown undertook a more comprehensive search to ensure he had fully and completely participated in discovery throughout the litigation.

Second, Con-way has failed to show that it was prejudiced by receiving the supplemental documents at a later date during discovery. Con-way has not alleged that Brown failed to produce all of the documents responsive to its discovery requests. To the contrary, Con-way acknowledges that Brown "has now produced all the responsive information in his possession." Con-way Mem. at 7. Con-way instead argues that it was "placed at an enormous disadvantage, as it was not able to depose Plaintiff regarding this critical information or seek any related discovery" because the documents were produced the day before the end of discovery. Con-way

Mem. at 6-7. Con-way's argument is disingenuous. While it is true that Brown supplemented the production after his deposition, Con-way never asked Brown to extend discovery or re-open his deposition so that Con-way could question him on any new documents contained in the supplemental production. Had Con-way made such requests, Brown would have agreed and any alleged disadvantage resulting from the delay could have easily been cured.

Moreover, Con-way's argument is premised on its assertion that documents related to Brown's petition to the PEB for placement on the PDRL were important to Con-way's equitable estoppel defenses. Con-way Mem., at 1, 4-5. However, in its motion for summary judgment, Con-way asserts judicial estoppel and equitable estoppel defenses, relying on multiple documents produced in discovery (including only two documents from Brown's supplemental production). *See* Con-way Mot. Ex. 8 & 9; Con-way's Memorandum of Law in Support of its Motion for Summary Judgment, Dkt # 62, at 10-15. Thus, Con-way apparently had the documents it needed to argue these affirmative defenses before Brown's Rule 26 supplemental production.

Third, the extreme sanction of dismissal of Brown's lawsuit with prejudice is not warranted by the actions that occurred here. A court's imposition of a sanction of dismissal is justified only in those cases with egregious conduct. *See, e.g., Collins v. Illinois*, 554 F.3d 693, 696-97 (7th Cir. 2009) (upholding dismissal where plaintiff willfully refused to be deposed); *Dotson v. Bravo*, 321 F.3d 663, 667-69 (7th Cir. 2003) (upholding dismissal where plaintiff deliberately filed a case under a false name without sufficient justification); *Loctite Corp. v. Fel-Pro, Inc.*, 667 F.2d 577, 580 (7th Cir. 1981) (upholding dismissal where a party during three years of litigation repeatedly refused to comply with numerous orders to compel discovery). In its motion, Con-way relies heavily on *Greviskes v. Universities Research Ass'n, Inc.*, 417 F.3d

13

752 (7th Cir. 2005). In that case, among other egregious actions, the plaintiff used the social security number of a former supervisor obtained from documents produced in discovery to fraudulently impersonate the supervisor to request documents on three occasions. *Id*. at 755-57. The district court ordered the case dismissed as a sanction for "plaintiff's deliberate, repeated, and unrepentant misconduct," and the Seventh Circuit affirmed. *Id*. at 757, 761. Brown's delay in producing all responsive documents is not in the same category of the deliberate and repeated misconduct engaged in by the party in the *Greviskes* case.

Finally, Con-way should also not prevail on its motion because at the time of the alleged discovery violation, Con-way did nothing. Following Brown's serving his supplemental production on April 24, 2015, Con-way did not ask for an agreement to extend discovery or to reopen Brown's deposition to question him regarding the documents in the supplemental production. Brown would have agreed to both of these requests. These actions would have cured any alleged disadvantage Con-way believed it suffered as a result of receiving the supplemental production the day before the close of discovery. Instead, from the date of Brown's supplemented production until June 9, 2015 (when it filed its motion for sanction contemporaneously with its motion for summary judgment), Con-way took no action to rectify what it now complains is a discovery violation so reprehensible that it deserves the severe sanction of dismissal of a military service member's USERRA claim. Con-way should not be allowed to profit from failing to act at the time of the perceived discovery violation, so that it could file this motion alongside its motion for summary judgment, in a seeming effort to make improper substantive arguments and sway attention from the issues being litigated in this USERRA case.

## IV. CONCLUSION

Con-way has failed to show that the extreme sanction of dismissal of Brown's USERRA claim is warranted in this case. Con-way has not met the requirements for sanctions under Rule 37(c)(1), nor demonstrated that Brown's conduct rises to the egregious level required for a court to use its inherent power to sanction a discovery violation with dismissal. As such, the Court should dismiss Con-way's sanction motion, and turn to the merits of both parties' arguments as presented in their cross motions for summary judgment.

Dated: June 24, 2015

Respectfully submitted,

VANITA GUPTA
Principal Deputy Assistant Attorney General
Civil Rights Division

DELORA L. KENNEBREW
Chief
Employment Litigation Section

/s/ Patricia L. Stasco
KAREN D. WOODARD
(MD Bar No. Not Issued)
Deputy Chief
PATRICIA L. STASCO
(D.C. Bar No. 490041)
JEFFREY MORRISON
(MO Bar No. 44401)
Senior Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
950 Pennsylvania Avenue, NW
PHB 4613
Washington, D.C. 20530
Telephone: (202) 353-2297
Facsimile: (202) 514-1105
Email: patricia.stasco@usdoj.gov

**ATTORNEYS FOR DALE S. BROWN**

## CERTIFICATE OF SERVICE

On June 24, 2015, I served the foregoing **Plaintiff Dale S. Brown's Opposition to Defendant Con-way Freight Inc's Motion for Sanctions** on all counsel of record via the court's ECF system:

Susan Bassford Wilson, Esquire
Constangy, Brooks & Smith, LLP
200 S. Wacker Drive, Suite 3100
Chicago, IL 60606
SWilson@constangy.com

Frank Shuster, Esquire
Constangy, Brooks & Smith, LLP
230 Peachtree St., NW, Suite 2400
Atlanta, GA 30303-1557
FShuster@constangy.com

/s/ Patricia L. Stasco

PATRICIA L. STASCO